IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 21-cv-02672-PAB-STV

JENNIFER L. COOPER,
EUGENE DIXON,
FRANCIS J. CIZMAR,
ANNA PENNALA,
KATHLEEN DAAVETTILA,
CYNTHIA BRUNELL,
KARYN CHOPJIAN, and
ABBIE HELMINEN, individually and on behalf of all others similarly situated,

    Plaintiffs,

v.

US DOMINION, INC.,
DOMINION VOTING SYSTEMS, INC., and
DOMINION VOTING SYSTEMS CORPORATION,

    Defendants.

# ORDER

This matter is before the Court *sua sponte* on the Class Action Complaint [Docket No. 1]. Plaintiffs assert that the Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(d), the Class Action Fairness Act ("CAFA"). *Id.* at 11, ¶ 13.

In every case and at every stage of the proceeding, a federal court must satisfy itself as to its own jurisdiction, even if doing so requires *sua sponte* action. *See Citizens Concerned for Separation of Church & State v. City & Cnty. of Denver*, 628 F.2d 1289, 1297 (10th Cir. 1980). Absent an assurance that jurisdiction exists, a court may not proceed in a case. *See Cunningham v. BHP Petroleum Gr. Brit. PLC*, 427 F.3d 1238, 1245 (10th Cir. 2005). Courts are well-advised to raise the issue of jurisdiction

on their own, regardless of parties' apparent acquiescence.  First, it is the Court's duty to do so.  *Tuck v. United Servs. Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988).  Second, regarding subject matter jurisdiction, "the consent of the parties is irrelevant, principles of estoppel do not apply, and a party does not waive the requirement by failing to challenge jurisdiction."  *Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982) (internal citations omitted).  Finally, delay in addressing the issue only compounds the problem if, despite much time and expense having been dedicated to the case, a lack of jurisdiction causes it to be dismissed.  *See U.S. Fire Ins. Co. v. Pinkard Constr. Co.*, No. 09-cv-00491-PAB-MJW, 2009 WL 2338116, at *3 (D. Colo. July 28, 2009).

"The party invoking federal jurisdiction bears the burden of establishing such jurisdiction as a threshold matter."  *Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004).  Thus, the Court presumes that no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction.  *Lorentzen v. Lorentzen*, No. 09-cv-00506-PAB, 2009 WL 641299, at *1 (D. Colo. Mar. 11, 2009).  Plaintiffs assert that the Court has diversity jurisdiction under 28 U.S.C. § 1332.  Docket No. 1 at 11, ¶ 13.  Pursuant to that section, "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."  28 U.S.C. § 1332(a).  While, at the pleading stage, the Court takes as true all "well-pled (that is, plausible, conclusory, and non-speculative) facts," *Dudnikov v. Chalk & Vermilion Fine Arts*, 514 F.3d 1063, 1070 (10th Cir. 2008), the allegations regarding the Court's jurisdiction are not well pled.

CAFA governs class actions "filed under rule 23 of the Federal Rules of Civil Procedure." 28 U.S.C. § 1332(d)(1)(B). According to § 1332(d)(2)(A), which codifies CAFA, "district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which . . . any member of a class of plaintiffs is a citizen of a State different from any defendant." There are three prerequisites to subject matter jurisdiction under CAFA: (1) minimal diversity between plaintiffs and defendants; (2) at least 100 plaintiffs in the class; and (3) an amount in controversy that exceeds $5,000,000. *Foley v. Cordillera Golf Club, LLC*, No. 12-cv-0351-WJM-KMT, 2012 WL 1144856, at *3 (D. Colo. April 5, 2012). Plaintiffs have alleged that there are at least 100 plaintiffs in the class, Docket No. 1 at 59, ¶ 88, and that the amount in controversy in this matter exceeds $5,000,000. *See id.* at 11, ¶ 13; *see also Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 82 (2014) ("the amount-in-controversy allegation of a defendant seeking federal-court adjudication should be accepted when not contested by the plaintiff or questioned by the court"). However, the present allegations are insufficient to demonstrate that minimal diversity exists between plaintiffs and defendants.

Minimal diversity requires that "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A). An individual's "citizenship is equivalent to [his or her] domicile." *Smith v. Cummings*, 445 F.3d 1254, 1259 (10th Cir. 2006). For all named plaintiffs, however, the complaint merely alleges residency, and there is no allegation of domicile for any named plaintiff. Plaintiffs allege that each named plaintiff is an "individual and resident of the State of Michigan." *See*

Docket No. 1 at 12–18, ¶¶ 16–28.  Residency, however, is not synonymous with domicile, *see Miss. Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989) ("'Domicile' is not necessarily synonymous with 'residence,' and one can reside in one place but be domiciled in another.") (citations omitted)), and only the latter is determinative of a party's citizenship.  *See Whitelock v. Leatherman*, 460 F.2d 507, 514 (10th Cir. 1972) ("[A]llegations of mere 'residence' may not be equated with 'citizenship' for the purposes of establishing diversity.").  "To establish domicile in a particular state, a person must be physically present in the state and intend to remain there." *Id*. at 1260.  Accordingly, allegations of plaintiffs' residency are insufficient to establish their citizenship.

Because the allegations are presently insufficient to allow the Court to determine whether minimal diversity exists, plaintiffs have failed to establish that the Court has jurisdiction under CAFA.  *See United States ex rel. General Rock & Sand Corp. v. Chuska Dev. Corp.*, 55 F.3d 1491, 1495 (10th Cir. 1995) ("The party seeking the exercise of jurisdiction in his favor must allege in his pleading the facts essential to show jurisdiction." (quotations omitted)).  It is therefore

**ORDERED** that, on or before **December 6, 2021**, plaintiffs shall show cause why this case should not be dismissed due to the Court's lack of subject matter jurisdiction.

DATED November 29, 2021.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge