IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:21-cv-02672-PAB-STV

Jennifer Cooper, Eugene Dixon, Francis J. Cizmar, Anna Pennala, Kathleen Daavettila, Cynthia Brunell, Karyn Chopjian, and Abbie Helminen, individually and on behalf of all other similarly situated,

    Plaintiffs,

v.

US Dominion, Inc., Dominion Voting Systems, Inc., and Dominion Voting Systems Corporation,

    Defendants.

_____

**SCHEDULING ORDER**
_____

### 1.  DATE OF CONFERENCE AND APPEARANCES OF COUNSEL AND PRO SE PARTIES

A scheduling conference is scheduled for November 30, 2020 at 10:30 a.m. M.S.T. in Courtroom A-402 of the Alfred A. Arraj United States Courthouse before the Honorable Judge Varholak.

Counsel in attendance for Plaintiffs Jennifer Cooper, Eugene Dixon, Francis J. Cizmar, Anna Pennala, Kathleen Daavettila, Cynthia Brunell, Karyn Chopjian, and Abbie Helminen, on behalf of themselves and all others similarly situated (collectively, "Plaintiffs"):

Douglas A. Daniels
Heath A. Novosad
DANIELS & TREDENNICK PLLC
6363 Woodway Drive, Suite 700
Houston, Texas 77057
(713) 917-0024 (Telephone)

Robert A. McGuire, III
1624 Market St. Suite 226 No. 86685
Denver, Colorado 80202-2523
(720) 420-1395 (Telephone)
(Attendance via telephone)

Counsel in attendance for defendants US Dominion, Inc., Dominion Voting Systems, Inc., and Dominion Voting Systems Corporation (collectively, "Defendants"):

Stanley L. Garnett
David B. Meschke
BROWNSTEIN HYATT FARBER SCHRECK, LLP
410 Seventeenth Street, Suite 2200
Denver, CO  80202-4432
Phone: 303.223.1100
(Attendance via telephone)

## 2. STATEMENT OF JURISDICTION

### a. Plaintiffs:

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 of the Class Action Fairness Act of 2005 because (1) there are 100 or more class members, (ii) there is an aggregate amount in controversy exceeding $5,000,000, exclusive of interest and costs, and (iii) there is minimal diversity because at least one plaintiff and one defendant are citizens of different states.  This Court has supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367.

The Court also has subject matter jurisdiction over the action pursuant to 28 USC § 1331 (federal question jurisdiction), and 28 USC § 1343 (jurisdiction over civil rights actions), because the complaint asserts claims brought under 18 USC § 1962 and 42 USC § 1983.

### b. Defendants:

This Court lacks subject matter jurisdiction because there is no "case or controversy" required under Article III of the U.S. Constitution and, specifically, because Plaintiffs' claims are

2

unripe and lack concreteness. In the normal course of defamation law, a plaintiff sues a defendant, and a defendant is entitled to raise First Amendment defenses against specific claims involving the allegedly defamatory statements. Here, however, Plaintiffs, who have never been sued, ask this Court to grant them relief based on the nebulous theory that they have been harmed by receiving document preservation letters and the speculative possibility that may be harmed, such as by the filing of a defamation lawsuit. Allowing such an anticipatory "I might get sued" cause of action does not comport with the Article III case or controversy requirement. There is no hardship to Plaintiffs if this Court does not intervene, and this case lacks the "who, what, when, or where" upon which this Court may apply law or fact. This case therefore lacks the ripeness and specificity required for the Court to adjudicate a concrete claim.

### 3. STATEMENT OF CLAIMS AND DEFENSES

#### a. Plaintiffs:

This is a class action complaint brought on behalf of Plaintiffs and all others similarly situated against defendants based on a Lawfare campaign waged by Defendants, along with their public relations firm Hamilton Place Strategies ("HPS") and their attorneys at Clare Locke LLP ("Clare Locke"). Plaintiffs all served as election volunteers during the 2020 general election. Each of them observed irregularities while volunteering, and each executed an affidavit testifying as to the irregularities they observed. None of the Plaintiffs mentioned Defendants in their affidavits. Nonetheless, less than two months after the election, Defendants targeted Plaintiffs as victims of Defendants' Lawfare. While it is unclear how Dominion and its co-conspirators determined the targets of their Lawfare campaign, Dominion dispatched Clare Locke to send threatening letters to Plaintiffs, falsely claiming they had defamed Dominion, even though many never mentioned Dominion. In fact, those letters demanded retraction of unspecified statements, and in some

instances point out the billion–dollar lawsuits Dominion had filed (the "Letters"). Said another way, the Letters were boilerplate directives meant to instill fear and intimidation. Despite failing to identify the alleged defamation, Dominion then illegally demanded these private citizens preserve all communications, emails, texts—private or otherwise—and a host of other materials. Due to Defendants' pernicious conduct, Plaintiffs have suffered emotional distress, mental anguish, and financial harm.

Plaintiffs seek to represent a nationwide class consisting of: All persons who received Letters from non–party co–conspirator Clare Locke on behalf of their client, Dominion, from November 4, 2020 to the present (the "Class"). Plaintiffs' proposed class meets all elements necessary for the maintenance of a class action lawsuit:

**Numerosity**: The Class encompasses hundreds of individuals, which is so numerous that joinder of all members is impracticable. The Class is ascertainable from Defendants' records.

**Typicality**: Plaintiffs' claims are typical of the claims of the Class, because Plaintiffs and the members of the Class each received Letters demanding they preserve all communications and documents, including those of any purported agents, and threatening imminent litigation on the baseless claims that they had defamed Dominion, and were similarly damaged thereby.

**Adequacy**: Plaintiffs will fairly and adequately protect the interests of the Class.

**Existence and Predominance of Common Questions of Fact and Law**: This case presents many common questions of law and fact that will predominate over questions affecting members of the Class only as individuals. The common questions include, but are not limited to:

a. Whether Defendants engaged in a campaign to illegally intimidate individuals—including witnesses who signed sworn declarations—from speaking out about election fraud in the November 2020 election or from being witnesses to pending litigation.

4

    b.    Whether Defendants or their agents pursued a uniform practice to intimidate and suppress free speech though the improper practice of Lawfare by sending hundreds of baseless Letters to silence speech and ideas Dominion deems unacceptable to their narrative.

    c.    Whether Plaintiffs and Class members are entitled to monetary damages or injunctive relief and/or other remedies and, if so, the nature of any such relief.

**Superiority**: A class action is superior to other available methods for the fair and efficient adjudication of this controversy because, among other reasons, joinder of all members is impracticable, the damages suffered by individual class members may be relatively small, the court system could not efficiently handle all of these cases, and individualized litigation would increase the delay and expense to all parties and the court system, due to the complex legal and factual issues presented by this dispute. In contrast, the class action procedure presents far fewer management difficulties, and provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

Plaintiffs allege the following causes of action on behalf of themselves and the proposed class:

1. Plaintiffs are entitled to recovery under 18 U.S.C. §1964 against the Defendants for violations of the Racketeer Influenced and Corrupt Organization Act, 18 U.S.C. §1962.

2. Plaintiffs are entitled to recovery under 42 U.S.C. §1983 against Defendants for deprivation of equal protection, jointly and severally, for violation of Plaintiffs' rights under the First Amendment, the Fourteenth Amendment, and Equal Protection Clause of the United States Constitution.

3. Plaintiffs are entitled to recovery under 42 U.S.C. §1983 against Defendants for deprivation of Plaintiffs' First Amendment rights, jointly and severally, for violation of Plaintiffs' rights under the First Amendment, the Fourteenth Amendment, and Equal Protection Clause of the United States Constitution.

4. Plaintiffs are entitled to recovery for common law civil conspiracy against Dominion, jointly and severally, for their collusion and agreement to the common objective or course of action, acting under color of state law, to deprive Plaintiffs of their constitutional rights under the First Amendment, and their overt acts in connection with that common purpose.

**b.     Defendants:**

This case falls within the myriad of meritless litigation targeting Dominion as a scapegoat after the 2020 election did not yield a certain result. It centers on letters that Dominion sent to Plaintiffs through its defamation counsel. These letters, contrary to Plaintiffs' representations, are document preservation letters that do not threaten litigation or claim that Plaintiffs have defamed Dominion. The letters simply request that Plaintiffs preserve documents relevant to Dominion's defamation claims in separate actions and refrain from defaming Dominion should they have done so. Plaintiffs had nothing to "fear." Indeed, the only lawsuit between Dominion and Plaintiffs is this one, and Plaintiffs are the ones who sued Dominion. These letters support no claim for relief— let alone Plaintiffs' four causes of action.

The Complaint contains a diverse assortment of flaws and must be dismissed. Not only are Plaintiffs' claims unripe, as noted above, but their allegations fail to state a plausible claim for relief. First, none of the elements of a claim under the Racketeer Influenced and Corrupt Organization Act ("RICO"), 18 U.S.C. § 1962, can be met. Among other flaws, Dominion itself cannot constitute an enterprise, there are no racketeering activities or predicate acts to form the basis of a RICO claim, and the letters had no effect on interstate commerce. Plaintiffs also cannot establish prudential standing under RICO because they have suffered no injury to their business or property. Second, Plaintiffs' Section 1983 claims fail because, among other reasons, Dominion did not act under the color of law when it sent the letters to Plaintiffs, and Plaintiffs have not suffered any harm or injury regarding "liberty" or "property." Third, Plaintiffs' civil conspiracy claim fails because, among other reasons, the alleged conspiracy (to deprive Plaintiffs' First Amendment rights) against Dominion, a private actor, is impossible without a government actor's participation, and Dominion cannot conspire with itself to take actions within the scope of its

business.  For these reasons, Dominion will be filing a motion to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6).

Finally, Plaintiffs' class allegations must be stricken.  For example, common issues do not predominate.  Not only are Plaintiffs' alleged damages unclear, but proving such diverse and personal damages as emotional distress and mental anguish will need to be assessed on an individual basis such that class adjudication is inappropriate.

### c. Other Parties:

Not applicable.

### 4. UNDISPUTED FACTS

The following facts are undisputed:

1. The named Plaintiffs executed affidavits regarding the 2020 general election, and those exhibits are attached as Exhibit Nos. 1, 3, 6, 7, 9, 11, 14, and 15 to the Complaint.

2. Defendant US Dominion, Inc., is a corporation organized and existing under the laws of the State of Delaware with its principal place of business in Denver, Colorado.

3. Defendant Dominion Voting Systems, Inc., is a corporation organized and existing under the laws of the State of Delaware with its principal place of business in Denver, Colorado.

4. Defendant Dominion Voting Systems Corporation is a corporation organized and existing under the laws of the Province of Ontario, Canada with its principal place of business in Toronto, Ontario, Canada.

5. Clare Locke, LLP, on behalf of its clients US Dominion, Inc., Dominion Voting Systems, Inc., and Dominion Voting Systems Corporation, sent letters to the named Plaintiffs, true and correct copies of which are attached as Exhibit Nos. 2, 4, 5, 8, 10, 12, 13 and 16 to the Complaint (the named Plaintiffs' addresses are redacted on these exhibits).

### 5. COMPUTATION OF DAMAGES

Plaintiffs are entitled to actual and special damages for Defendant's violation of the First Amendment to the United States Constitution under 42 U.S.C. § 1983; actual damages and three times actual damages for violations of 18 U.S.C. § 1962; and punitive damages as follows:

a. Actual damages totaling no less than $150,000,000 for individual members of the class;

b. Actual business damages to be determined after resolution of discovery, but not less than $150,000,000, for business members of the class who do not opt out under applicable rules; and

c. Attorneys' fees and costs in an amount to be determined.

Defendants are not presently alleging counterclaims. Defendants assert that Plaintiffs' claims are baseless and do not entitle them to damages. Defendants will be seeking its attorneys' fees and costs incurred in defending this case.

### 6. REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)

**a.     Date of Rule 26(f) meeting.**

Counsel for Plaintiffs and Defendants telephonically conferred on November 9, 2021.

**b.     Names of each participant and party he/she represented.**

Plaintiffs were represented by Doug Daniels, Heath Novosad, Chris Diamond, and Robert A. McGuire, III.

Defendants were represented by Stan Garnett and David Meschke.

**c.     Statement as to when Rule 26(a)(1) disclosures were made or will be made.**

In the interest of efficiency and judicial economy, the Parties agree that Rule 26(a)(1) disclosures should not be made until a ruling on Defendants' forthcoming motion to dismiss.

The Parties propose the following schedule:

After the ruling on Defendants' motion to dismiss, Defendants shall have 30 days to file an answer to Plaintiffs' complaint. Within 15 days of Defendants' answer, the Parties shall exchange initial disclosures.

    **d.**    **Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1).**

In the interest of efficiency and judicial economy, the Parties agree that Rule 26(a)(1) disclosures should not be made until a ruling on Defendants' forthcoming motion to dismiss. The Parties propose the following schedule:

After the ruling on Defendants' motion to dismiss, Defendants shall have 30 days to file an answer to Plaintiffs' complaint. Within 15 days of Defendants' answer, the Parties shall exchange initial disclosures.

    **e.**    **Statement concerning any agreements to conduct informal discovery:**

The Parties agree that informal discovery is not appropriate at this time.

    **f.**    **Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system.**

The Parties agree to be as efficient and cooperative as possible to streamline the discovery process.

    **g.**    **Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.**

The Parties are preserving ESI, but neither anticipates extensive discovery of ESI to be necessary.

    **h.**    **Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case.**

The Parties agree that it is premature to discuss settlement at this time; however, the Parties agree to broach the issue of early resolution of these claims at the appropriate time.

### 7. CONSENT

All parties have not consented to the exercise of jurisdiction of a magistrate judge. On November 16, 2021, this case was reassigned to Chief Judge Philip A. Brimmer and drawn to Magistrate Judge Scott T. Varholak. *See* Dkt. No. 17. The Court further referred the case to Judge Varholak for non-dispositive matters. *See* Dkt. No. 18.

### 8. DISCOVERY LIMITATIONS

    **a.**    **Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules.**

At this stage of the litigation, the Parties believe the presumptive numbers of depositions and interrogatories contained in the Federal Rules will be sufficient, but the Parties reserve the right to ask for additional depositions and/or interrogatories at a later date.

    **b.**    **Limitations which any party proposes on the length of depositions.**

At this stage of the litigation, the Parties are not requesting any changes to the default length of depositions, but the Parties reserve the right to seek modifications at a later date should it become necessary.

    **c.**    **Limitations which any party proposes on the number of requests for production and/or requests for admission.**

At this stage of the litigation, the Parties believe the presumptive numbers of requests for production and admission contained in the Federal Rules will be sufficient, but the Parties reserve the right to ask for additional requests for production and/or admission at a later date.

      **d.**      **Deadline for service of Interrogatories, Requests for Production of Documents and/or admissions:**

The Parties suggest that all discovery requests should be served no later than 30 days before the discovery cutoff.

      **e.**      **Other Planning or Discovery Orders**

At this time, the Parties do not foresee the need for any additional orders.

### 9. CASE PLAN AND SCHEDULE

On November 15, 2021, the Court granted the Parties' motion for extension of deadlines and ordered that Defendants' responsive pleading, or motion in lieu thereof, to Plaintiffs' Complaint shall be due on December 13, 2021, and if Defendants file a motion, Plaintiffs' response thereto shall be due on January 12, 2022 and Defendants' reply in support of said motion shall be due on January 26, 2022. *See* Dkt. 15.

The Parties further jointly suggest a schedule with deadlines anchored to key rulings in the case as follows:

1. After the Court rules on Defendants' forthcoming Motion to Dismiss, if there are claims surviving, Defendants shall have 30 days to answer;

2. Plaintiffs' Motion for Class Certification shall be due 180 days after Defendants file their Answer;

3. Motions for Summary Judgment and Motions to Strike Experts shall be due 180 days after the Court's ruling on Plaintiffs' Motion for Class Certification;

4. Further dates will be set at the status conference below.

The remaining deadlines below and discovery deadlines above are generally keyed off of these four events.

      **a.**      **Deadline for Joinder of Parties and Amendment of Pleadings:**

The Parties agree to the default 45 days after the scheduling conference for these deadlines.

    **b.**    **Discovery Cut-off:**

The Parties agree that discovery should be complete thirty days before motions for summary judgment and to strike expert testimony are due.

    **c.**    **Dispositive Motion Deadline:**

As discussed above, the Parties agree that dispositive motions should be due 180 days after the Court's ruling on Plaintiffs' motion for class certification.

    **d.**    **Expert Witness Disclosure**

The Parties believe it is premature to address the number and fields of expert testimony that may be necessary.

To the extent necessary, Plaintiffs should designate any experts specifically related to class certification issues concurrently with their motion for class certification, and Defendants should designate such experts concurrently with their response to Plaintiffs' motion.

Plaintiffs shall designate substantive experts 60 days before the deadline for dispositive motions, and Defendants shall designate substantive experts 30 days before the deadline for dispositive motions.

  1.    The parties shall identify anticipated fields of expert testimony, if any.

  2.    Limitations which the parties propose on the use or number of expert witnesses.

  3.    The parties shall designate all experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before ___, 20____. *[This includes disclosure of information applicable to "Witnesses Who Must Provide a Written Report" under Rule 26(a)(2)(B) and information applicable to "Witnesses Who Do Not Provide a Written Report" under Rule 26(a)(2)(C).]*

  4.    The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before _____, 20_____.
[This includes disclosure of information applicable to "Witnesses Who Must Provide a Written Report" under Rule 26(a)(2)(B) and information applicable to "Witnesses

Who Do Not Provide a Written Report" under Rule 26(a)(2)(C).]

    **e.**    **Identification of Persons to Be Deposed:**

At a minimum, the Parties anticipate that the named Plaintiffs will each be deposed along with one or more corporate representatives of Defendants. The Parties will work in good faith to limit the number of deponents where possible.

### 10. DATES FOR FURTHER CONFERENCES

    **a.**    **Status conferences will be held in this case at the following dates and times:**

September 21, 2022, at 9:15 a.m.

    **b.**    **A final pretrial conference will be held in this case on _____at o'clock \_\_\_\_m. A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than seven (7) days before the final pretrial conference.**

### 11. OTHER SCHEDULING MATTERS

    **a.**    **Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement.**

The Parties did not identify any discovery or scheduling issues at this time.

    **b.**    **Anticipated length of trial and whether trial is to the court or jury.**

The Parties anticipate a two-week jury trial.

    **c.**    **Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities at 212 N. Wahsatch Street, Colorado Springs, Colorado 80903-3476; Wayne Aspinall U.S. Courthouse/Federal Building, 402 Rood Avenue, Grand Junction, Colorado 81501-2520; or the U.S. Courthouse/Federal Building, , La Plata County Courthouse 1060 E. 2nd Avenue, Suite 150, Durango, Colorado 81301.**

The Parties do not believe that pretrial proceedings at any of these courthouses would be more efficient or economical than proceedings in the Alfred A. Arraj United States Courthouse.

## 12. NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1(c) by serving the motion contemporaneously upon the moving attorney's client.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a).

Counsel and unrepresented parties are reminded that any change of contact information must be reported and filed with the Court pursuant to the applicable local rule.

## 13. AMENDMENTS TO SCHEDULING ORDER

This scheduling order may be altered or amended only upon a showing of good cause.

DATED at Denver, Colorado, this 30th day of November, 20 21.

BY THE COURT:

United States Magistrate Judge

APPROVED:

*/s/ Douglas A. Daniels*
Douglas A. Daniels
Daniels & Tredennick PLLC
6363 Woodway Drive, Suite 700
Houston, Texas 77057
713.917.0024 (Telephone)

*Attorneys for Plaintiffs*

*/s/ Stanley L. Garnett*
Stanley L. Garnett
BROWNSTEIN HYATT FARBER SCHRECK, LLP
410 Seventeenth Street, Suite 2200
Denver, CO 80202-4432
303.223.1100 (Telephone)

*Attorneys for Defendants*