UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

| | |
|---|---|
| JENNIFER L. COOPER, EUGENE DIXON, FRANCIS J. CIZMAR, ANNA PENNALA, KATHLEEN DAAVETTILA, CYNTHIA BRUNELL, KARYN CHOPJIAN, AND ABBIE HELMINEN, INDIVIDUALLY, AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br><br>    Plaintiffs,<br><br>v.<br><br>US DOMINION, INC., DOMINION VOTING SYSTEMS, INC., DOMINION VOTING SYSTEMS CORPORATION, and HAMILTON PLACE STRATEGIES, LLC,<br><br>    Defendants. | CAUSE NO. 1:21-cv-02672<br><br>JURY TRIAL DEMANDED |

**PLAINTIFFS' MOTION FOR LEAVE TO FILE
FIRST AMENDED CLASS ACTION COMPLAINT**

COME NOW Plaintiffs Jennifer L. Cooper, Eugene Dixon, Francis J. Cizmar, Anna Pennala, Kathleen Daavettila, Cynthia Brunell, Karyn Chopjian, and Abbie Helminen, individually, and on behalf of all others similarly situated ("Plaintiffs"), pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedures, and do hereby file the following Plaintiffs' Motion for Leave to File First Amended Complaint ("Motion") and in support thereof show as follows:

1. On November 29, 2021, the Court issued an Order to show cause (ECF #21, the "Order") as to why the case should not be dismissed due to the Court's lack of subject matter jurisdiction under 28 U.S.C. § 1332(d), the Class Action Fairness Act ("CAFA"). In partial response to the Court's Order, Plaintiffs file this Motion, including the attached proposed amended complaint designated as Exhibit A—marked-up in accordance D.C.COLO.LCivR 15.1(a)—

containing revised allegations that establish subject matter jurisdiction under CAFA, as well as federal question jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343. In addition, Plaintiffs' proposed amended complaint adds allegations setting out recently discovered facts and adds an additional named defendant, Hamilton Place Strategies, LLC ("HPS").

2.  Federal Rule of Civil Procedure 15 governs amending and supplementing complaints. After the deadline for amending as a matter of course under 15(a)(1), "a party may amend a pleading only with the opposing party's written consent or the court's leave." FED. R. CIV. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id.*; *see also Calderon v. Kansas Dep't of Soc. & Rehab. Servs.*, 181 F.3d 1180, 1186 (10th Cir. 1999) ("The liberal granting of motions for leave to amend reflects the basic policy that pleadings should enable a claim to be heard on its merits. This policy is not limitless and must be balanced against FED. R. CIV. P. 7(b)(1), which governs the requirements for all motions and provides that any motion shall be made in writing, shall state with particularity the grounds therefor, and shall set forth the relief or order sought").

3.  Here, justice requires the granting of Plaintiffs' request for leave to amend its complaint. First, the Court's Order requires Plaintiffs to show cause that the Court has subject matter jurisdiction under CAFA. Plaintiffs seek to amend their complaint to include language that expressly articulates that Plaintiffs are citizens of the State of Michigan, which is each of their domiciles, and to add allegations that expressly plead subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1343. Second, Plaintiffs have pled newly discovered facts to add additional support to their claims against Defendants. Third, based on the newly discovered facts, Plaintiffs have added HPS as a newly named defendant in this matter, as HPS conspired with the other Defendants and participated in their culpable conduct against Plaintiffs. Fourth, Plaintiffs have not unduly

2

delayed seeking to add these newly discovered facts or seeking to add HPS as a new party, nor do Plaintiffs have any dilatory motive. Plaintiffs filed their Original Complaint on September 30, 2021, only sixty-seven days ago. Defendants have not yet answered or moved to dismiss the initial complaint. Defendants, including HPS, will not be burdened, much less prejudiced, by the Courts granting Plaintiffs' leave to amend because no additional causes of action have been added against Defendants and the proposed amended complaint is being filed a week before any responsive pleading is due. The Court plainly has jurisdiction under the allegations of the proposed First Amended Complaint, and the Court thus should grant Plaintiffs' Motion so that the claims can be heard on their merits and justice may be done.

## CONCLUSION

For the foregoing reasons, the Court should grant Motion for Leave to File First Amended Class Action Complaint.

DATED: December 6, 2021

Respectfully submitted,

*/s/ Douglas A. Daniels*
Douglas A. Daniels
Texas State Bar No. 00793579
doug.daniels@dtlawyers.com
Heath A. Novosad
Texas State Bar No. 24037199
heath.novosad@dtlawyers.com
J. Christopher Diamond
Texas State Bar No. 00792459
chris.diamond@dtlawyers.com
DANIELS & TREDENNICK PLLC
6363 Woodway Drive, Suite 700
Houston, Texas 77057
(713) 917-0024 (Telephone)
(713) 917-0026 (Facsimile)

Robert A. McGuire, III
Colorado Reg. No. 37134
ram@lawram.com
ROBERT MCGUIRE LAW FIRM

1624 Market St. Suite 226 No. 86685
Denver, Colorado 80202-2523
(720) 420-1395 (Telephone)
(253) 267-8530 (Facsimile)

Kurt B. Olsen*
DC Bar No. 445279
ko@olsenlawpc.com
OLSEN LAW, P.C.
1250 Connecticut Avenue, NW, Suite 700
Washington, D.C. 20036
(202) 408-7025 (Telephone)
(202) 261-3508 (Facsimile)

*Admission Application Pending

***Counsel for Plaintiffs***

Alan Dershowitz
Massachusetts Bar No. 121200
1575 Massachusetts Avenue
Cambridge, Massachusetts 02138

***Of Counsel for Plaintiffs***

### CERTIFICATE OF CONFERENCE

In accordance with D.C.COLO.LCiv R 7.1(a), on December 6, 2021, the undersigned attorney called and spoke with Defendants' counsel regarding the above-entitled motion. Counsel for Defendants informed Plaintiffs that while they had not had a chance to confer with their client, they anticipated that their client would be opposed to this motion. Out of an abundance of caution, Plaintiffs file this motion for leave as opposed.

*/s/ Douglas A. Daniels*
Douglas A. Daniels

5

## **CERTIFICATE OF SERVICE**

   I hereby attest that the foregoing was filed via the Court's CM/ ECF System and was, thereby, served on all parties at the time of filing.


                   */s/ Douglas A. Daniels*
                   Douglas A. Daniels